# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Ross Bernard Hart,<br><br>    **Plaintiff,**<br><br>v.<br><br>Minnesota Department of Commission Psychologist Kara Richter, Natalie Radich and Terry Jorgenson,<br><br>    **Defendants.** | Civ. No. 12-CV-00776 (SRN/JJG)<br><br>REPORT AND RECOMMENDATION |

JEANNE J. GRAHAM, United States Magistrate Judge

  This matter is before the Court on Defendants Minnesota Department of Corrections Psychologists Kara Richter, Natalie Radich and Terry Jorgenson's (collectively, "Defendants") Motion to Dismiss, or in the alternative, Motion for a More Definite Statement (ECF No. 7) and Plaintiff Ross Bernard Hart's motion asserting "the Defendants should be helded liable for depriving adequate psychiatric or psychologist treatment to a state prisoner or prisoner's held in state custody who show's sign's of some kind of mental illness, Regardly if its recorded on file or not." (ECF No. 10)

  Plaintiff is seeking relief for a violation of his civil rights under 42 U.S.C. § 1983. The Plaintiff does not specifically identify which of his federal civil rights were violated by the Defendants' actions, but, affording him the liberal reading to which pro se litigant are entitled, the Court construes Plaintiff's motion as a motion for summary judgment.

  As discussed below, the Court recommends Defendants' Motion to Dismiss be granted, Plaintiff's motion be denied, and judgment be entered accordingly.

1

## I. BACKGROUND

Plaintiff is an inmate incarcerated at the Minnesota Correctional Facility at Stillwater. (Compl. part III.A.) Previously, Plaintiff was incarcerated in Moose Lake. (Compl. part IV.) Before being transferred to Stillwater, Plaintiff attempted to see a psychiatrist or psychologist for mental health treatment but was unable to see or speak to anyone. (*Id.*) Shortly after his transfer, Plaintiff "lost it" and started hearing voices. (*Id.*) Plaintiff claims that due to this he "wrapped human waste" all over his cell. (*Id.*) At this point, a psychologist, Defendant Natalie Radich, was sent to speak with Plaintiff in his cell. (*Id.*) Plaintiff told Defendant Radich that he was behaving this way due to not having the psychotic medication he had been on before. (*Id.*) After Defendant Radich left Plaintiff's cell, Plaintiff heard her speaking to another corrections officer and laughing about Plaintiff and the condition of his cell. (*Id.*) Plaintiff met with another psychologist shortly after this incident, but was informed that the psychologist could not place him back on medication since he or she was not a psychiatrist. (*Id.*)

Plaintiff maintains that he continues to hear voices and has trouble sleeping. (*Id.*) Plaintiff submitted an offender kite form expressing his desire to meet with a psychiatrist and to be placed on psychotic medication again. (Compl. 17.) On February 7, 2012, Defendant Richter, in a written response to the kite form, told Plaintiff that he was not qualified to obtain passes to psychology and that a review of past treatment records and assessments did not support resuming medication. (Compl. 17.) Plaintiff then filed an official grievance with Defendant Terry Jorgenson pursuant to the prisoner grievance procedure. (Compl. 13.) Plaintiff again submitted an official kite form on March 3, 2012, asking for mental health treatment so he could resume his medication. (Compl. 20.) Defendant Radich replied on March 12, 2012, stating she had

2

scheduled Plaintiff for an appointment in the near future, but at that time he did not have a diagnosis that required medication.[1] (*Id.*)

Plaintiff filed the current lawsuit on March 28, 2012. In the Complaint, Plaintiff stated that he sought damages of $20,000 for pain and suffering. (Compl. part V.) On the civil cover sheet of the complaint, when asked to supply the U.S. Civil Statute under which he was filing, Plaintiff wrote "malpractice." (ECF No. 1-1.) The Defendants responded by filing a Motion to Dismiss for Failure to State a Claim on May 23, 2012. (ECF No. 8.) Plaintiff filed a motion in return stating "the Defendants should be helded liable for depriving adequate psychiatric or psychologist treatment to a state prisoner or prisoner's held in state custody who show's sign's of some kind of mental illness, Regardly if its recorded on file or not" on June 11, 2012. (ECF No. 10.) While Plaintiff's motion is ambiguous in what it seeks, the Court construes Plaintiff's motion to be one made pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment.

## II. Defendant's Motion To Dismiss

### A. Standard of Review

Defendants move to dismiss the Complaint for failure to state a claim. In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court determines whether "a complaint contain[s] sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To establish facial plausibility, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S.

---

[1] It is unclear based on the complaint whether or not the incident in Plaintiff's cell occurred before, during, or after these various written communications with the Defendants.

544, 556 (2007)). Indeed, the complaint need not include detailed factual allegations, but it must surpass the "speculative level." *Twombly*, 550 U.S. at 555.

### B. Official Capacity Claims

Plaintiff's complaint does not specify whether he is suing the Defendants in their personal or official capacities. He refers only to Defendants as psychologists of the Minnesota Department of Commission.[2] Where a complaint is silent as to what capacity in which a defendant is being sued, the Eighth Circuit instructs that the claim should be construed as an official-capacity claim. *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619-20 (8th Cir. 1995) (citing *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989)). In order to sue a governmental defendant in his personal capacities, the *Egerdahl* court held that a plaintiff's complaint must "contain a clear statement of her wish to sue defendants in their personal capacities." *Id.* at 620. This requirement ensures that the defendant receives "prompt notice of his or her potential liability." *Nix*, 879 F.2d at 429.

Plaintiff never refers to any of the Defendants as anything but Minnesota Department of Corrections psychologists. Since Plaintiff did not specifically state that he was suing the Defendants in their personal capacities, the suit is against Defendants in their official capacities only. The Supreme Court has held "[a]s long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (citing *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985)). Thus, the inquiry before the Court is whether Plaintiff may maintain an action against the Minnesota Department of Corrections.

---

[2] Plaintiff identifies Defendants as employees of the "Minnesota Department of Commission." Plaintiff likely intended to sue employees of the Department of Corrections, thus the Court will refer to the Department of Commission by the correct term of Department of Corrections.

The inquiry is brief, however, because the Eleventh Amendment prevents Plaintiff from maintaining this action. In *Graham*, the Supreme Court held "the Eleventh Amendment bars a damages action against a State in federal court." *Id.* at 169. This bar also applies when state officials are being sued in their official capacity, because "a judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents." *Brandon v. Holt*, 469 U.S. 464, 471 (1985).

Here, Plaintiff has sued psychologists who work for a state agency in their official capacity. Since suing the psychologists in their official capacity is in effect a suit against the state, the Eleventh Amendment bars Plaintiff's claim. Accordingly, the Court recommends that Defendant's Motion to Dismiss be granted.

### C. Eighth Amendment Violation

Plaintiff's complaint does not specifically state a claim for a violation of the Eighth Amendment. However, with an eye toward liberal construction, his claims asserting the alleged deprivation of medical care to a prisoner may be evaluated under the Eighth Amendment. Plaintiff's Complaint centers on the claim that he was denied psychiatrist and psychologist medical care. To establish a prison official's deliberate indifference to a serious medical need in violation of the Eighth Amendment, a prisoner must demonstrate: "(1) a substantial risk of serious harm to the inmate existed and (2) the prison official knew of and disregarded that risk." *Robinson v. Hager*, 292 F.3d 560, 563-64 (8th Cir. 2002) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)).

To succeed on an Eighth Amendment claim, Plaintiff must establish both an objective and subjective component. *Vaughn v. Gray*, 557 F.3d 904, 908 (8th Cir. 2009) (citations omitted). To establish the objective component, Plaintiff must show an objectively serious

5

medical need. *Id.* The subjective component, on the other hand, requires Defendants to be aware of and deliberately disregard that need. *Id.* The prison officials must "[know] that the condition created an excessive risk to the inmate's health and then fail[] to act on that knowledge." *Long v. Nix*, 86 F.3d 761, 765 (8th Cir. 1996). The Supreme Court has also established that a physician's negligent diagnosis or treatment does not satisfy this requirement. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). In discussing the difference between medical malpractice and deliberate indifference to an objectively serious medical need, the Court in *Estelle* held, "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."[3] *Id.*

The facts as alleged in the Complaint do not rise to the level of deliberate indifference under the Eighth Amendment. None of the facts in the complaint allege anything beyond a negligent diagnosis or negligent treatment. Plaintiff fails to allege that any Defendant had actual knowledge of his objectively serious medical need. Plaintiff indicates that he had seen a psychiatrist in the Moose Lake prison who diagnosed and placed him on psychotic medication, from which he was subsequently removed. Plaintiff also saw a psychologist immediately after the incident in his cell described in his Complaint. He was informed numerous times that he was

---

[3] To the extent Plaintiff may wish to assert a simple medical malpractice claim under Minnesota state law, the Court declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3). The lawsuit has not progressed, answers have not been filed, discovery has not been served, and the potential state issue is better left to the state courts if Plaintiff chooses to pursue such a claim—which is speculative at best. *See Watts v. Federal Home Loan Mortg. Corp.*, No. 12-CV-692 (SRN/JSM), 2013 WL 268939, at *2 (D. Minn. Jan. 24, 2013) (Nelson, J.) (citing *Carnegie—Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) ("[W]hen the federal law claims have been dropped out of a the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.")); *Boe v. JP Morgan Chase Bank, NA*, Civ. No. 10-2171 (JRT/JJG), 2011 WL 3610419, at *5 (D. Minn. Apr. 13, 2011) (Graham, Mag. J.) (dismissing state-law claims after dismissing all claims over which the Court had original jurisdiction pursuant to 28 U.S.C. § 1367(c)(3)).

not eligible to be placed back on medication due to his past records of treatment in the prison. While Plaintiff characterizes such actions as malpractice, they do not amount to deliberate indifference.

As Plaintiff has put forth no other acceptable federal claim or constitutional violation upon which he can succeed, the Court recommends Defendants' motion be granted. The Defendants' alternative motion for a more definite statement need not be considered in light of this recommendation.

### III. Plaintiff's Motion

Since the Court recommends Defendants' Motion to Dismiss be granted, Plaintiff's motion, alleging "the Defendants should be helded liable for depriving adequate psychiatric or psychologist treatment to a state prisoner or prisoner's held in state custody who show's sign's of some kind of mental illness, Regardly if its recorded on file or not," should be denied.

### IV. Recommendation

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendants' Motion to Dismiss (ECF No. 7) be granted;

2. Plaintiff's Motion (ECF No. 10) be denied; and

3. **JUDGMENT BE ENTERED ACCORDINGLY**.


Dated: February 14, 2013      s/ *Jeanne J. Graham*
                                                              JEANNE J. GRAHAM
                                                              United States Magistrate

**NOTICE**

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **March 4, 2013**. A party may respond to the objections within fourteen days after service thereof. Any objections or responses shall not exceed 3,500 words. The district judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made.