UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Ross Bernard Hart,<br><br>              Plaintiff,<br><br>v.<br><br>Minnesota Department of Commission Psychologist Kara Richter, Natalie Radich, and Terry Jorgenson,<br><br>              Defendants. | Case No. 12-cv-00776 (SRN/JJG)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

Ross Bernard Hart , 194631, Minnesota Correctional Facility-Oak Park Heights, 5329 Osgood Avenue North, Stillwater, Minnesota 55082, Pro Se.

Margaret E. Jacot, Minnesota Attorney General's Office, 445 Minnesota Street, Suite 900, St. Paul, Minnesota 55101-2127, for Defendants.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Plaintiff's Objection [Doc. No. 24][1] to Magistrate Judge Jeanne J. Graham's February 14, 2013 Report and Recommendation ("R & R") [Doc. No. 22] granting Defendants' Motion to Dismiss [Doc. No. 7] and denying Plaintiff's

---

[1] Local Rule 72.2(b) requires parties to "serve and file specific, written objections to the proposed findings and recommendations [of a Magistrate Judge]." Pleadings submitted by pro se litigants are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam). Plaintiff filed a document on March 6, 2013, which stated that it was a "notice and motion to seek a appeal in the matter of the dismissing of such legal complaint." [Doc. No. 24.] Even though Plaintiff's Notice of Motion to Seek Appeal lacks specific objections to the R & R, the Court will construe Plaintiff's Motion as a general objection to the R & R and will review the R & R accordingly. The Court will refer to Plaintiff's Notice and Motion to Seek Appeal as an Objection throughout this Order.

1

Motion for Miscellaneous Relief, which the Magistrate Judge construed as seeking summary judgment. [Doc. No. 10.][2] For the reasons set forth below, the Court overrules Plaintiff's Objection and adopts the Magistrate Judge's R & R in its entirety.

I.   **BACKGROUND**[3]

Plaintiff is an inmate currently incarcerated at the Minnesota Correctional Facility at Oak Park Heights. (Compl. part III.A [Doc. No. 1].) Plaintiff was previously incarcerated in Moose Lake where he alleges that he attempted "to see the psychiatrist or the psychologist of mental health, but was not seen." (Id. at part IV.) Plaintiff also alleges that while he was at Moose Lake he was subject to "confinement" where he "lost it" and "started hearing voices and started wrapping human waste and flooding [his] cell." (Id.) Plaintiff claims that because of his actions, psychologist, Defendant Natalie Radich, was sent to his cell. (Id.) Plaintiff alleges that he told Defendant Radich that he was behaving this way because he was not provided anti-psychotic medication that he had previously been given. (Id.) Plaintiff contends that Defendant Radich did not respond to his requests and that he overheard her speaking to another correctional officer and laughing about Plaintiff and his

---

[2]   The Court notes that a copy of the R & R was originally sent to an incorrect address for Plaintiff. [See Doc. No. 23.] After it was returned to the Court as undeliverable, the Court sent a copy of the R & R to Plaintiff's correct address on February 26, 2013. (Id.) Under Local Rule 72.2(b), the Plaintiff had "14 days after being served with a copy of the recommended disposition" to serve objections. Plaintiff filed his Objection on March 6, 2013. [Doc. No. 24.] Out of an abundance of caution, the Court waited until March 22, 2013 to rule on Plaintiff's Objection to provide Plaintiff with adequate time to file any further Objections.

[3]   The factual and procedural background of this case is well documented in the R & R and is incorporated herein by reference. (R & R at 2–3 [Doc. No. 22].)

cell condition. (Id.) Plaintiff then met with another psychologist who informed him that only a psychiatrist could place him back on medications. (Id.) Plaintiff claims that "[e]ven after being transferred to a different institution, [he is] still being denied to be placed back on [his] med. by the Department of Commission and Natalie Radich and other mental health staff." (Id.)[4]

Plaintiff submitted an offender kite form requesting to meet with a psychiatrist and stating, "I'm warning you to place me back on my meds before I end up doing something crazy." (Id. at 17.) On February 7, 2012, Defendant Kara Richter, wrote a response to Plaintiff stating, "[g]iven the BW lock-down, you are not able to attend passes to psychology . . . . If you wish, we can discuss your mental health concerns in front of your cell." (Id.) Richter also stated that "a review of past treatment records and assessments does not support resuming medications." (Id.)

On February 20, 2012, Plaintiff filed an official grievance form asserting that he needed to meet with "the psychiatrist or the psychologist because of my need to be replaced back on my medicine." (Id. at 16.) Plaintiff's grievance was returned to him on February 23, 2012 because he "did not attach copies of **ALL** Kite responses [he had] received in the Chain of Command." (Id. at 14) (emphasis in original.) Plaintiff filed another grievance form requesting that Defendant Terry Jorgenson, director of psychology, "find out the nature why I was not seen by the psychiatrist or the psychologist." (Id. at 13.) This

---

[4] Plaintiff identifies Defendants as employees of the "Minnesota Department of Commission." Plaintiff likely intended to sue employees of the Minnesota Department of Corrections, and the Court will therefore refer to the Department of Commission as the Department of Corrections throughout this Order.

grievance form was similarly returned to Defendant on February 27, 2012, because he failed to attach copies of the kite responses he had received. (Id. at 11.) On a grievance return form dated February 29, 2012, Plaintiff was informed that he needed to "contact Terry Jorgenson and then Chris Esty before you can file a grievance." (Id. at 9.)

Plaintiff submitted another offender kite form on March 3, 2012, asking for mental health treatment so he could resume medication. (Id. at 20.) Defendant Radich replied on March 12, 2012, stating that she had scheduled a time to meet with Plaintiff, but "[a]t this time you do not have a diagnosis that requires medication." (Id.)

Plaintiff filed his Complaint on March 28, 2012, requesting $20,000 in damages for pain and suffering. (Id. at part V.) Plaintiff's Complaint is titled "Complaint for Violation of Civil Rights Act Under 42 U.S.C. § 1983." (Id. at 1.) On the civil cover sheet of the Complaint, Plaintiff wrote that he was suing for "malpractice." (Civ. Cover Sheet [Doc. No. 1-1].) Defendants filed a Motion to Dismiss for Failure to State a Claim or alternatively a Motion for a More Definite Statement on May 23, 2012. [Doc. No. 7.] Plaintiff filed a Motion for Miscellaneous Relief on June 11, 2012, stating that "Defendants should be helded [sic] liable for depriving adequate psychiatric or psychologist treatment to a state prisoner or prisoner's held in state custody who shows [sic] signs of some kind of mental illness." [Doc. No. 10.]

The Magistrate Judge issued an R & R on February 14, 2013 recommending that Defendant's Motion to Dismiss be granted. [Doc. No. 22.] The Magistrate Judge construed Plaintiff's Motion for Miscellaneous Relief as one for summary judgment and recommended denial of the Motion as moot because she recommended granting

4

Defendants' Motion to Dismiss.  (Id.)

## II. DISCUSSION

A district court must make an independent, de novo evaluation of those portions of an R & R to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); accord D. Minn. LR 72.2(b).

### A. Defendant's Motion to Dismiss

Federal Rule of Civil Procedure 8 requires that a complaint present "a short and plain statement of the claim showing that the pleader is entitled to relief."  To meet this standard, and survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Although a complaint is not required to contain detailed factual allegations, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).  The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a "sheer possibility."  Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (citation omitted).  It is not, however, a "probability requirement."  Id.  (citation omitted).  Thus, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts is improbable, and 'that a recovery is very remote and unlikely.'"  Twombly, 550 U.S. at 556 (citation omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). Several principles guide courts in determining whether a complaint meets this standard. First, the court must take the plaintiff's factual allegations as true and grant all reasonable inferences in favor of the plaintiff. Crooks v. Lynch, 557 F.3d 846, 848 (8th Cir. 2009). This tenet does not apply, however, to legal conclusions or "formulaic recitation of the elements of a cause of action;" such allegations may properly be set aside. Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). In addition, some factual allegations may be so indeterminate that they require "further factual enhancement" in order to state a claim. Id. (quoting Twombly, 550 U.S. at 557.) Finally, the complaint "should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." Braden, 588 F.3d at 594.

Evaluation of a complaint upon a motion to dismiss is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679 (citation omitted). A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6). Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999).

      **1.**      **Official Capacity Claims**

The Magistrate Judge recommended that the Court find that Plaintiff's claim under 42 U.S.C. § 1983 is barred by the Eleventh Amendment. (R & R at 4–5 [Doc. No. 22].) Plaintiff objects to this recommendation. (Objections [Doc. No. 24].)

Generally, in the absence of consent, "a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). This bar also applies when officials are being sued in their official capacity, because "a judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents." Brandon v. Holt, 469 U.S. 464, 471 (1985). The Eleventh Amendment does not prevent a plaintiff, however, from seeking damages from a state official if she sues the official in his personal capacity. Egerdahl v. Hibbing Comm. Coll., 72 F.3d 615, 619 (8th Cir. 1995) (citing Scheuer v. Rhodes, 416 U.S. 232, 238 (1974)). In Nix v. Norman, the Eighth Circuit held that a plaintiff who wishes to sue a state official in his personal capacity must so specify in their complaint. 879 F.2d 429, 431 (8th Cir. 1989). If a plaintiff's complaint is silent about the capacity in which they are suing a defendant, courts interpret the complaint as including only official capacity claims. Egerdahl, 72 F.3d at 619 (citations omitted).

Plaintiff's Complaint does not specify whether he is suing the Defendants in their personal or official capacities. As such, Plaintiff's claims against Defendants are properly construed against them in their official capacities at the Minnesota Department of Corrections. Because suing Defendants in their official capacities is in effect a suit

against the State, the Magistrate Judge properly concluded that Plaintiff's § 1983 claim is barred by the Eleventh Amendment.

### 2. Eighth Amendment Claim

Although Plaintiff's Complaint does not explicitly state a claim for a violation of the Eighth Amendment, the Magistrate Judge stated that his "claims asserting the alleged deprivation of medical care to a prisoner may be evaluated under the Eighth Amendment." (R & R at 5 [Doc. No. 22].)  The Magistrate Judge recommended denying Plaintiff's claim under the Eighth Amendment because "[t]he facts as alleged in the Complaint do not rise to the level of deliberate indifference." (Id. at 6.)  Plaintiff objects to this recommendation. (Objections [Doc. No. 24].)

It is now beyond dispute that the protections afforded by the Eighth Amendment's Cruel and Unusual Punishment Clause extend beyond the sentence imposed on a criminal defendant and also encompass the conditions of confinement at a federal prison.  Thus, a federal prisoner may premise an Eighth Amendment claim on, among other things, the "deliberate indifference to serious medical needs" as "manifested by prison doctors in their response to the prisoner's needs" and thereby state a cause of action under § 1983.  Estelle v. Gamble, 429 U.S. 97, 104–05 (1976).  But not "every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Id. at 105.  For example, in Estelle, the Court stated that "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." Id. at 105–06.  In short, allegations of mere negligence do not suffice; "to state a cognizable claim, a prisoner must allege acts or

omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Id. at 106 & n.14; accord Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir.1997) (stating that "[m]ere negligence or medical malpractice" is "insufficient to rise to a constitutional violation").

Thus, a "prima facie case alleging such deliberate indifference requires the inmate-plaintiff to demonstrate that he suffered from an objectively serious medical need and that prison officials actually knew of, but deliberately disregarded, that need." Meuir v. Green Cnty. Jail Emps., 487 F.3d 1115, 1118 (8th Cir. 2007). This standard "involves both an objective and a subjective component:" that is, (1) that the prisoner "suffered objectively serious medical needs," and (2) "that the prison officials actually knew of but deliberately disregarded those needs." Dulany, 132 F.3d at 1239.

The Court agrees with the Magistrate Judge's recommendation that the facts alleged in Plaintiff's Complaint do not show deliberate indifference by Defendants. Plaintiff does not allege that any Defendant had actual knowledge of his objectively serious medical need. Plaintiff was informed on various occasions that he was not eligible to be placed on medications due to his past records of treatment in the prison. Accordingly, the Court grants Defendants' Motion to Dismiss Plaintiff's Complaint.[5]

---

[5] Because the Court grants Defendants' Motion to Dismiss for Failure to State a Claim, Defendants' alternative Motion for a More Definite Statement is denied as moot. Additionally, the Court agrees with the Magistrate Judge's recommendation that if Plaintiff is attempting to assert a medical malpractice claim under Minnesota state law, the Court will decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3). Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343 350 (1988) ("[W]hen the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing

### B. Plaintiff's Motion for Miscellaneous Relief

Because the Court finds that Plaintiff's Complaint must be dismissed for failure to state a claim upon which relief can be granted, Plaintiff's Motion for Miscellaneous Relief is denied as moot.

### III. ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Notice and Motion to Seek Appeal/Objections [Doc. No. 24] to the Magistrate Judge's R & R [Doc. No. 22] are **OVERRULED**;[6]

2. The Magistrate Judge's R & R [Doc. No. 22] is **ADOPTED**;

3. Defendants' Motion to Dismiss for Failure to State a Claim [Doc. No. 7] is **GRANTED**;

4. Defendants' Motion for a More Definite Statement [Doc. No. 7] is **DENIED AS MOOT**; and

5. Plaintiff's Motion for Miscellaneous Relief [Doc. No. 10] is **DENIED AS MOOT**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

---

the case without prejudice.").

[6]    Plaintiff's Notice and Motion to Seek Appeal [Doc. No. 24] suggests that he might be contemplating an appeal in this case. If Plaintiff wishes to appeal this Order, he may

Dated: March 22, 2013                             s/Susan Richard Nelson
                                                  SUSAN RICHARD NELSON
                                                  United States District Judge

---

file a notice of appeal with this Court and appeal to the Eighth Circuit Court of Appeals.

11